# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FACUNDO HERNANDEZ MORENO,

    Plaintiff,

    v.        No. 2:20-cv-115 KWR/KK

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Petitioner's Motion for Temporary Restraining Order, filed February 7, 2020 **(Doc. 1)**. Petitioner petitions this Court to issue a writ of habeas corpus pursuant to 28 USC § 2241 seeking to stay a removal order pending the immigration judge's ruling on a motion to reconsider. Because this Court is without jurisdiction to review the validity of petitioner's removal order or to issue an order preventing his removal from the United States, the petition is **DISMISSED WITHOUT PREJUDICE** and the request for temporary restraining order is **DENIED.**

### BACKGROUND

In this motion for temporary restraining order, Petitioner requests that this Court restrain Immigration and Customs Enforcement and Department of Homeland Security from removing him until the immigration judge has ruled on his motion to reconsider.

On January 29, 2020, the immigration judge entered a final order of removal. The immigration judge found that Petitioner had not established a reasonable possibility of persecution or torture. After the removal order, Petitioner obtained counsel for his immigration case.

Petitioner's counsel filed a motion to reconsider with the immigration judge. In the motion, he alleges that because of his traumatic experiences in Mexico and medical issues while in custody, he was not able to put on a defense. Moreover, Petitioner moved for reconsideration because he now has counsel. Finally, Petitioner moved for reconsideration on the merits, because he in fact has a "viable claim for relief."

Petitioner filed this temporary restraining order at 4:51 PM on Friday, February 7, 2020, and this case was assigned to the undersigned later that Friday evening. Petitioner requested a TRO hearing on Monday, February 10, 2020. The Court held a telephonic conference and heard arguments AUSA Tiffany Walters for the Defendant, and Linda Corchado and Edward Segal for the Petitioner. Because Petitioner had seemingly not asserted a basis for jurisdiction in his pleadings, the Court asked Petitioner's counsel on the record if there was any jurisdictional basis for the habeas petition.

At the hearing, Petitioner's counsel argued that his due process rights were violated because he did not receive a hearing and the immigration judge failed to follow the appropriate regulations. Petitioner's counsel also reiterated humanitarian concerns. Specifically, Petitioner asserts that Defendants will take away his wheelchair when he is deported. Moreover, Petitioner states he will have no way to defend himself against "La Linea" or the Mexican police, who he states will try to kill him. Petitioner appears to attack the validity of his removal order.

## DISCUSSION

As the basis for jurisdiction, Petitioner cites to 28 U.S.C. § 1331 and 8 CFR § 1201 et *seq*. Section 1331 provides "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." At the hearing, Petitioner's counsel stated that 8 CFR 241.8 and 8 CFR 1208.31 provided jurisdiction.

A.     **<u>Analysis</u>.**

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). A district court must dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

The Tenth Circuit has repeated stated this Court lacks jurisdiction to review removal orders, to hear challenges to removal orders, or to stay removal orders. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014) (court unaware of "any statutory or common law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal… **or to otherwise stay an alien's removal while his appeal is pending before the BIA until a separate lawsuit he filed is resolved**.") (emphasis added); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) ("Congress has provided an avenue for direct review of final orders of removal through petitions for review in courts of appeals. Indeed, petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal.").

Moreover, Congress stripped a district court's ability to review many claims for relief from a removal order under a § 2241 habeas petition. "Under the Real ID Act, petitions for review filed with the court of appeals are the sole and exclusive means of review of most administrative orders of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5). Thus, the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal. However, the

Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (internal citations and quotation marks omitted).

Further, 8 U.S.C. § 1252(b)(9) requires that

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Tenth Circuit has noted that this provision "shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." *Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006).

Finally, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate case, or execute removal orders against any alien under this chapter." 8 USC § 1252(g), *cited in Namgyal Tsering v. U.S. Immigration & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010). Here, Petitioner asks this Court to restrain Defendant from executing the removal order. Section 1252(g) explicitly holds that this Court does not have jurisdiction under these circumstances.

In sum, Petitioner did not state a basis for subject matter jurisdiction. Rather, Petitioner clearly challenges the validity of the removal order. As explained above, this Court lacks jurisdiction to hear such a claim.[1]

---

[1] To the extent Petitioner also seeks to stay the removal order based on his medical issues in prison, the Court concludes that argument is not well taken. Claims arising from

### B. Petitioner's Arguments are Unavailing.

At the hearing, Petitioner's counsel asserted a due process claim. They asserted that the immigration judge failed to conduct a hearing or follow the appropriate regulations. This argument clearly challenges the validity of the removal order. While this Court retains jurisdiction over § 2241 habeas petitions challenging detention, it does not have jurisdiction to hear a due process challenge to a removal order. *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006). As explained above, the Court lacks jurisdiction to hear a due process claim challenging the validity of his removal order. *See Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007) (holding that court of appeals lacked jurisdiction to review alien's habeas claims seeking review of expedited removal order, including whether expedited removal statute was lawfully applied to alien and whether expedited removal procedures violated his right to due process, because language of Section 1252(e)(5) clearly precludes review in habeas proceedings of whether alien is actually inadmissible or entitled to any relief from removal); *see also Namgyal Tsering v. United States I.C.E.,* 403 Fed. App'x 339, 342–343, 2010 WL 4840478, *2 (10th Cir. Nov. 30, 2010) (affirming district court's dismissal, for lack of jurisdiction of due process claims challenging removal proceedings). Even if the Court had jurisdiction to hear the due process claim, Petitioner did not allege plausible facts warranting a TRO.

---

unconstitutional conditions of confinement, including medical indifference, cannot be raised in the habeas proceeding. *See Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011) (habeas petitioner's claim that prison officials acted with deliberate indifference to his serious medical needs must be raised in a civil rights suit under 42 U.S.C. § 1983).

## CONCLUSION

Because the Court lacks jurisdiction over Petitioner's claims, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** and the request for a temporary restraining order is **DENIED.**

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE